```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5-9-16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LUIS RAMOS,

                     Petitioner,                14-cv-8773 (PKC) (KNF)

       -against-

                                                 ORDER ADOPTING REPORT
                                                 AND RECOMMENDATION
JOSEPH T. SMITH,

                     Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       On October 31, 2014, Luis Ramos, who represents himself pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) At the conclusion of a 2011 jury trial in the New York Supreme Court, Bronx County, Ramos was found guilty of attempted murder in the second degree, and thereafter sentenced to 22 years of incarceration and five years of post-release supervision. (Docket # 1.) Ramos directly appealed his conviction and sentence to the Appellate Division, First Department, which affirmed. People v. Ramos, 113 A.D.3d 543 (1st Dep't 2014). The New York Court of Appeals denied Ramos leave to appeal. People v. Ramos, 23 N.Y.3d 967 (2014).

       In his Petition, Ramos contends that there was insufficient evidence to support a conviction, or, alternatively, that the conviction was against the greater weight of the evidence because eyewitness descriptions of the assailant did not match his physical appearance and because there was no physical evidence linking him to the crime. (Docket # 1 at 5.)

       This Court referred the Petition to Magistrate Judge Kevin Nathaniel Fox. (Docket # 6.) On June 30, 2015, Magistrate Judge Fox issued a Report and Recommendation

(the "R & R") recommending that the habeas petition be denied. (Docket # 11.) On April 18, 2016, Ramos filed objections to the R & R. (Docket # 15.)

In reviewing an R & R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court conducts a de novo review of the objections raised by Ramos. 28 U.S.C. § 636(b)(1). In order to establish his entitlement to federal habeas relief, Ramos must make a showing that the trial court's actions were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. See Williams v. Taylor, 529 U.S. 362, 402-13 (2000) (applying 28 U.S.C. § 2254(d)(1)).

The Court adopts the thorough and well-reasoned R & R in its entirety. The R & R summarized the trial evidence against Ramos, which included the testimony of three witnesses who stated that they observed Ramos shoot an individual during a dispute in a bar. (R & R at 1-2.) The witnesses recognized Ramos as a regular bar patron prior to the incident. (R & R at 2-3, 4, 6.) Corroborating evidence included surveillance footage of the incident. (R & R at 2, 6.)

Magistrate Judge Fox correctly noted that habeas relief may not be granted unless state proceedings resulted in a conviction that "'involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .'" (R & R at 4-5, quoting 28 U.S.C. § 2254(d).) The R & R also noted that factual determinations made by a state court are presumed to be correct under 28 U.S.C. § 2254(e)(1), which states in full: "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

The R & R stated that in determining whether a conviction was supported by sufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (R&R at 6, quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979).) At trial, Ramos was identified by three witnesses, all of whom knew him from prior occasions. (R&R at 6.) Their testimony was corroborated by video surveillance evidence. (R & R at 6.) The R & R correctly concluded that this evidence was sufficient for a rational trier of guilt to find Ramos guilty beyond a reasonable doubt. (R&R at 6-7.)

Ramos filed objections to the R & R on April 18, 2016 – months after the filing of the R & R. (Docket # 15.) Ramos explained that his objections were untimely due to his limited knowledge of English. (Docket # 15.) Affording Ramos special solicitude as a <u>pro se</u> petitioner representing himself, the Court has considered the untimely objections. The objections state, in relevant part, "Certainly, I would like the 'record' to reflect that I object to the Report and Recommendation and ask the Court to review the state court record along with filed habeas petition for an understanding of my contention." (Objections at 2.)

Having reviewed the petition, the state court trial record, the R & R and Ramos's objections to the R & R, this Court concludes that the R & R is well reasoned and correctly applied the governing law to the facts of Ramos's case. For the reasons explained in the R & R, the trial evidence was sufficient for a rational trier of fact to find Ramos guilty beyond a reasonable doubt. (<u>See</u>, <u>e.g.</u>, Trial Tr. 296-303, 309-13, 320-23, 507-28, 531-35, 581-89, 669-75.) The Court therefore adopts the R & R in its entirety.

CONCLUSION

The R & R is adopted in its entirety. (Docket # 11.) The Clerk is directed to enter judgment for the respondent and to close this case.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P/ Kevin Castel
United States District Judge

Dated: New York, New York
May 9, 2016